UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CLIFFORD CUMMINGS,** *et al.*,

    **Plaintiffs,**

v.

**STATE OF OHIO,** *et al.*,

    **Defendants.**

Case No. 2:24-cv-4041
Judge Edmund A. Sargus, Jr.
Magistrate Judge Kimberly A. Jolson

## ORDER

This matter is before the Court on the Magistrate Judge's November 8, 2024, Order and Report and Recommendation (First R&R, ECF No. 11) and on the Magistrate Judge's December 17, 2024, Order and Supplemental Report and Recommendation (Second R&R, ECF No. 22).

### I. Procedural History

In the First R&R, the Magistrate Judge recommended that the Court dismiss Plaintiffs' claims against Defendants State of Ohio, Ohio State Highway Patrol, and Trooper Robert Sabo in his official capacity. (First R&R, PageID 43–44; *see* Compl., ECF No. 1-1.) The Magistrate Judge recommended that Plaintiffs' Fourth Amendment claims against Defendant Sabo in his individual capacity could proceed. (First R&R, PageID 44.) The Magistrate Judge denied without prejudice Plaintiffs' Motion to Appoint Counsel (ECF No. 6), determining that it was premature. (First R&R, PageID 43.) Last, the Magistrate Judge granted Plaintiffs' motion for leave to file an amended complaint and ordered them to file it within twenty-one days. (*Id.*, PageID 44.)

Plaintiff Clifford Cummings objected to the First R&R, filing the same Objection twice. (Obj., ECF No. 12; *see* ECF No. 16.) He objected to the Magistrate Judge's recommendations to dismiss (1) the claims against the State of Ohio and the Ohio State Highway Patrol, (2) the claims

against Defendant Sabo in his official capacity, (3) the malicious prosecution claim. (*Id.*, PageID 46–48.) He also objected to the Magistrate Judge's order denying appointment of counsel. (*Id.*, PageID 48.) Plaintiffs then moved to amend the complaint and attached an amended complaint. (ECF No. 18; ECF No. 18-1.)

In the Second R&R, the Magistrate Judge directed the Clerk to file the amended complaint that Plaintiffs filed as ECF No. 18-1 as the Amended Complaint on the docket of this case. (Second R&R, PageID 93.) The Amended Complaint was docketed. (Am. Compl., ECF No. 23.) In the Amended Complaint, Plaintiffs name Trooper Robert Sabo and Sergeant Shane Meddock as defendants, but they no longer name the State of Ohio or the Ohio State Highway Patrol. (Am. Compl., PageID 95.) The Court's docket thus reflects that the State of Ohio and Ohio State Highway Patrol have been terminated as parties to this case.

Plaintiffs allege six claims for relief. Against Defendant Sabo, they allege a violation of their Fourth Amendment rights regarding an unlawful search and seizure (count one) and false arrest and imprisonment (count two). (*Id.*, PageID 97.) They also allege malicious prosecution (count three) and excessive force (count five). (*Id.*, PageID 97–98.) Against Defendant Meddock, they allege supervisory liability (count four). (*Id.*, PageID 97.) And against both Defendants, Plaintiffs allege a violation of Ohio's public records law (count six). (*Id.*, PageID 98.)

After screening the Amended Complaint pursuant to 28 U.S.C. § 1915A, the Magistrate Judge recommended that the Court dismiss with prejudice all claims against Defendants Sabo and Meddock in their official capacities on sovereign immunity grounds and dismiss with prejudice Plaintiffs' request for prospective injunctive relief regarding future unlawful arrests. (Second R&R, PageID 85–87.) She also recommended that the Court dismiss the supervisory liability claim against Defendant Meddock for failure to state a claim upon which relief may be granted and, on

2

the same ground, recommended that the Court dismiss with prejudice the public records law claim. (*Id.*, PageID 88–89, 92). Plaintiffs did not object to the Second R&R.

## II. Resolution of Objection to First R&R

Plaintiffs have filed, and the Court has docketed, the Amended Complaint. "An amended complaint supersedes an earlier complaint for all purposes." *In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 589 (6th Cir. 2013) (citing *Pac. Bell Tel. Co. v. Linkline Commc'ns, Inc.*, 555 U.S. 438, 456 n.4 (2009)). Accordingly, to the extent Mr. Cummings objected to the Magistrate Judge's recommendations regarding claims raised in the Complaint, the Court **OVERRULES AS MOOT** the Objection because the Amended Complaint supersedes the Complaint.

But the Amended Complaint does not moot Mr. Cummings' objection to the Magistrate Judge's order denying Plaintiffs' Motion to Appoint Counsel. (ECF No. 6.) The Magistrate Judge reasoned that, although the Court has authority to appoint counsel in a civil case under 28 U.S.C. § 1915(e), the appointment of counsel is a privilege justified by exceptional circumstances and is not a constitutional right. (First R&R, PageID 42–43 (citing *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993)). She concluded that the appointment of counsel may be appropriate if the case moves beyond the dismissal and summary judgment stages of litigation, but it is unwarranted at this stage. (First R&R, PageID 43.)

Mr. Cummings objected, arguing that this case involves complex Fourth Amendment issues that Plaintiffs lack the expertise to effectively litigate. Although that may be true, the difficulty of Plaintiffs' legal claims does not constitute an extraordinary circumstance justifying the appointment of counsel. The Court agrees with the Magistrate Judge that the appointment of counsel is not appropriate at this time. The Court **OVERRULES** Mr. Cummings' Objection and

**AFFIRMS** the Magistrate Judge's Order denying Plaintiffs' Motion to Appoint Counsel. (ECF No. 11.)

### III. Resolution of Second R&R

The Magistrate Judge recommended that the Court dismiss most of Plaintiffs' claims in the Amended Complaint on immunity grounds and for failure to state a claim upon which relief may be granted. (Second R&R, PageID 93.) She recommended that the Court allow Plaintiffs' claims under counts one, two, three, and five to proceed against Defendant Sabo only in his individual capacity. (*Id.*)

Once a magistrate judge issues a report and recommendation, the relevant statute provides:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1). The failure to file written objections to a magistrate judge's report and recommendation waives a de novo determination by the district court of any issues addressed in the report and recommendation. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); *see also United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).

Plaintiffs were advised of their right to object to the Second R&R and of the consequences of failing to do so. (Second R&R, PageID 94.) Plaintiffs did not timely object. Accordingly, Plaintiffs waived a de novo review of the Report and Recommendation.

### IV. Conclusion

The Court **ADOPTS** and **AFFIRMS** the Order and Report and Recommendation (ECF No. 11) and the Order and Supplemental Report and Recommendation (ECF No. 22). The Court **OVERRULES** Mr. Cummings' Objection and **AFFIRMS** the Magistrate Judge's Order denying

4

Plaintiffs' Motion to Appoint Counsel. (ECF No. 11.) The Objection (ECF Nos. 12, 16) is otherwise **OVERRULED AS MOOT** because the Amended Complaint supersedes the Complaint.

The Court **DISMISSES WITH PREJUDICE** Plaintiffs' official capacity claims against Defendant Sabo and Meddock for money damages and for injunctive relief. The Court **DISMISSES WITH PREJUDICE** Plaintiffs' claim for a violation of Ohio's public records law (count six). The Court **DISMISSES WITHOUT PREJUDICE** Plaintiffs' supervisory liability claim against Defendant Meddock (count four), and Defendant Meddock is **DROPPED** as a party because no claims remain against him. *See* Fed. R. Civ. P. 21. Plaintiffs may proceed with their claims against Defendant Sabo only in his individual capacity (counts one, two, three, and five). There is a pending Motion to Dismiss for Failure to State a Claim that was filed by Defendant Sabo on January 23, 2025. (ECF No. 26.)

This case remains open.

**IT IS SO ORDERED.**

**2/4/2025**  **s/Edmund A. Sargus, Jr.**
**DATE**  **EDMUND A. SARGUS, JR.**
  **UNITED STATES DISTRICT JUDGE**