UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| CLIFFORD CUMMINGS, *et al.*, | : | Case No. 2:24-cv-4041 |
| Plaintiffs, | : | |
| vs. | : | District Judge Edmund A. Sargus, Jr. |
| | : | Magistrate Judge Kimberly A. Jolson |
| STATE OF OHIO, *et al.*, | : | |
| Defendants. | : | |

## ORDER AND REPORT AND RECOMMENDATION

Defendant Sabo's Motion to Dismiss the First Amended Complaint (Doc. 26) and Plaintiffs' Motions to Amend the Complaint (Docs. 30, 31) are before the Court. For the following reasons, the Undersigned **DENIES** Plaintiffs' Motions to Amend and **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED**.

**I.  BACKGROUND**

Plaintiffs Clifford and Abigail Cummings, North Dakota residents who are proceeding *pro se*, filed this action under 42 U.S.C. § 1983 on October 9, 2024. (Doc. 1). After screening their initial pleading, the Court permitted Plaintiffs to file a First Amended Complaint. (Doc. 11). Upon reviewing that filing, the Court allowed Plaintiffs to proceed on certain Fourth Amendment claims against Defendant Sabo and recommended that other claims be dismissed. (Doc. 22 at 14–15; Doc. 28 (adopting Doc. 22)).

The First Amended Complaint is sparse and lacks critical details. The events in question occurred on November 8, 2022, in Madison County, Ohio. (Doc. 23 at 1–2). Although Plaintiffs allege no facts and provide no context indicating how the encounter began, they assert that Trooper

Sabo of the Ohio State Highway Patrol violated their Fourth Amendment rights when he "unlawfully arrested" them for obstructing official business and possession of drugs. (*Id*. at 2). They say Defendant Sabo "conducted an illegal search of Plaintiffs' persons and vehicle without probable cause or consent." (*Id*.) And they accuse Trooper Sabo of falsely claiming that a substance he found was methamphetamine despite not conducting a field test of the substance. (*Id*.) Plaintiffs further allege Defendant Sabo drew his weapon and pointed it at them without reason. (*Id*. at 3). Plaintiffs were subsequently held at a tri-county jail for eight days. (*Id*. at 2). Later, the charges against them were dismissed. (*Id*.)

On January 23, 2025, Defendant Sabo filed the instant Motion to Dismiss the First Amended Complaint. (Doc. 26). Plaintiffs did not timely respond. The Court gave Plaintiffs an extension of time and warned that Defendant Sabo's motion would be treated as unopposed if a response was not filed. (Doc. 29).

A few days after their deadline, Plaintiffs filed several motions, including two motions to further amend their pleading. (Docs. 30, 31). The Court issued an Order informing Plaintiffs that the motions were not proper for several reasons, including the fact that Plaintiff Clifford Cummings purported to submit the Second Amended Complaint on Abbigail Cummings's behalf, but she did not sign the pleading. (Doc. 44 at 5 (referencing Doc. 30 at 2, 4)). Even more, Plaintiffs sought to offer video evidence in an inappropriate manner not authorized by the Local Rules. (Doc. 31 (offering a Google Drive link)); *see* S.D. Ohio Civ. R. 7.2(e). The Court gave Plaintiffs another chance to correct the issues, informing them that if they wished to further amend their pleading, they must file a compliant motion to amend by May 16, 2025. If they elected not to amend, the Court stated they could still respond to Defendant Sabo's Motion to Dismiss. (Doc. 44 at 5).

2

Plaintiffs did not follow the Court's directives and instead filed two separate Second Amended Complaints, (Docs. 45, 46), without filing the required motion for leave to amend. The Court granted Plaintiffs one final opportunity to file either a compliant motion seeking leave to amend their pleading or a response to Defendant Sabo's motion to dismiss. (Doc. 47). The deadline came and went. Plaintiffs filed nothing.

As a result, Defendant Sabo's Motion to Dismiss (Doc. 26) and Plaintiffs' Motions to Amend (Docs. 30, 31) are ripe for review.

## II.  LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure requires that a complaint "state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 663–64, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing the complaint, a court must construe it in favor of the plaintiff and accept all well-pleaded factual allegations as true. *Twombly*, 550 U.S. at 556–57. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). On the other hand, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Twombly*, 550 U.S. at 555; *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (noting that a plaintiff must give specific, well-pleaded facts, not just conclusory allegations). In other words, while "detailed factual allegations" are not required under Federal Rule of Civil Procedure 8(a)(2)'s "short and plain statement" rule, the law "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677–78 (quoting *Twombly*, 550 U.S. at 555) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Further, although *pro se* complaints are construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).  Said differently, "[t]he requirement for liberal construction . . . does not translate to ignoring a clear failure in the pleading to allege facts which set forth a cognizable claim." *Kidd v. Neff*, No. 1:12-cv-40, 2012 WL 4442526, at *2 (E.D. Tenn. Sept. 25, 2012) (dismissing a *pro se* plaintiff's "incredibly vague" complaint); *see also Smith v. Breen*, No. 09-2770, 2010 WL 2557447, at *6 (W.D. Tenn. June 21, 2010) (collecting cases).  The complaint must still "contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

## III.  DISCUSSION

As noted, instead of responding to Defendant Sabo's Motion to Dismiss, Plaintiffs filed two noncompliant Motions to Amend (Docs. 30, 31) and two Amended Complaints, the latter without the required motion for leave to do so (Docs. 45, 46).  *See* Fed. R. Civ. P. 15(a)(2) (requiring leave of court for all amendments after a plaintiff has amended once as a matter of course).  As the Court set out in previous orders, none of these filings comply with the Federal or Local Rules.  (Doc. 44 at 5 (finding the motions noncompliant because Plaintiffs sought to add evidence via a Google Drive link, in violation of the Local Rules, and because Plaintiff Clifford Cummings purported to submit the amended complaint on Plaintiff Abigail Cummings's behalf, even though she did not sign the pleading)); Doc. 47 at 2–3, 4–5 (noting these amended complaints did not contain the required motion for leave, did not contain the same evidentiary support, and raised claims the Court previously dismissed)).  The Court gave Plaintiffs several opportunities to remedy their noncompliance.  (Doc. 44 at 5; Doc. 47 at 3).  Despite these chances, Plaintiffs failed to follow the Court's orders.  Therefore, the Court **DENIES** Plaintiffs' pending Motions to Amend

for the reasons offered in its previous orders. (Docs. 30, 31; *see* Doc. 44 at 5; Doc. 47 at 2–3, 4–5).

That leaves Defendant Sabo's Motion to Dismiss. (Doc. 26). Plaintiffs' Fourth Amendment claims against him include (1) unlawful search without probable cause; (2) false arrest and imprisonment; (3) malicious prosecution; and (4) use of excessive force. (Doc. 22 at 14–15). For all, Defendant Sabo argues that Plaintiffs' allegations are too "threadbare" to sufficiently state a claim. (Doc. 26 at 2). The Undersigned ultimately agrees.

A. **Illegal Search and Seizure Claims**

Plaintiffs first allege Defendant Sabo violated their Fourth Amendment right to be free from unreasonable searches and seizures when he searched them and their vehicle and arrested them without probable cause. (Doc. 23 at 2).

The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. In a Section 1983 action, "claims of false arrest or false imprisonment are properly analyzed as unreasonable seizures under the Fourth Amendment." *Stacy v. Clarksville Police Dep't*, 771 F. Supp.3d 1024, 1036 (M.D. Tenn. 2025) (citing *McPhearson v. Anderson*, 874 F. Supp. 2d 573, 580 (E.D. Va. 2012)).

"It is well established that any arrest without probable cause violates the Fourth Amendment." *Thacker v. City of Columbus*, 328 F.3d 244, 255 (6th Cir. 2003). For the most part, the same is true of claims challenging an unlawful search. *See Bronson v. Martin*, No. 1:24-cv-77, 2025 WL 1141891, at *3 (S.D. Ohio Apr. 17, 2025) (citing *United States v. Peake-Wright*, 126 F.4th 432, 438–39 (6th Cir. 2025)). Whether probable cause exists depends on the totality of the circumstances. *Courtright v. City of Battle Creek*, 839 F.3d 513, 521 (6th Cir. 2016). There must

5

be "'facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing or is about to commit an offense.'" *Crockett v. Cumberland Coll.*, 316 F.3d 571, 580 (6th Cir. 2003) (quoting *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979)).  "As a result, plausibly alleging a lack of probable cause requires a plaintiff to plead facts about the circumstances of the interaction, so the Court can evaluate the objective facts known to the police officer at the time of the arrest or the search." *Bronson*, 2025 WL 1141891, at *3 (citing *Rice v. Jones*, No. 23-3972, 2023 WL 8369996, at *2 (6th Cir. June 23, 2023); *Peake-Wright*, 126 F.4th at 439).  In other words, when a complaint does not set forth sufficient factual allegations to support an inference that officers lacked probable cause, the claim should be dismissed.  *See Rice*, 2023 WL 8369996, at *2 (finding plaintiff failed to "allege any facts to support an inference that the defendants lacked probable cause to arrest him" when he merely alleged that troopers "falsely accused and arrested" him on "conjured up charges"); *White v. Neil*, No. 1:22-cv-12941, 2022 WL 18216067, at *2 (E.D. Mich. Dec. 15, 2022), *report and recommendation adopted*, No. 1:22-cv-12941, 2023 WL 149036 (E.D. Mich. Jan. 10, 2023) (finding plaintiff failed to plausibly allege a Fourth Amendment claim where he did not "plead any facts from which the Court can assess probable cause").

Here, Plaintiffs provide no factual context for their interaction with Defendant Sabo.  It is not even clear how or where Plaintiffs first encountered him, and they offer no information about their or Defendant Sabo's actions prior to or during the arrest and subsequent search.  Plaintiffs simply state they were "unlawfully arrested" in Madison County, Ohio, on charges that were "unfounded" and "exaggerated," and that "none of the actions by either plaintiff constituted a charge for obstruction of official business."  (Doc. 23 at 2–3).  But "a plaintiff's 'conclusory

6

allegation that a police officer lacked probable cause to detain him is insufficient to state a plausible claim for relief under the Fourth Amendment.'" *Bronson*, 2025 WL 1141891, at *3 (quoting *Muncy v. Muncy*, No. 5:24-272, 2025 WL 992683, at *5 (E.D. Ky. Apr. 2, 2025)); *see also Cook v. Gov't of Columbus*, No. 2:18-cv-354, 2019 WL 2124472, at *3 (S.D. Ohio May 15, 2019) (dismissing a wrongful arrest claim where the plaintiff said only that an officer "wrongfully arrested her"). And the fact that Plaintiffs' charges were eventually dismissed does not save this claim because "an arrest grounded in probable cause does not become invalid simply because charges are later dropped[.]" *Manley v. Paramount's Kings Island*, 299 F. App'x 524, 530 (6th Cir. 2008); *see also Turner v. Fallen*, No. 92-cv-3222, 1993 WL 15647, at *6 (N.D. Ill. Jan. 22, 1993) (finding a Fourth Amendment wrongful arrest claim insufficiently pled where it rested solely on allegations that "the police officers had no probable cause" and that "the charges were later dropped").

In sum, Plaintiffs offer the kind of conclusory allegations that cannot proceed under federal pleading standards. Because Plaintiffs fail to allege facts from which the Court could find their claims plausible as opposed to merely possible, the Undersigned **RECOMMENDS** that Defendant Sabo's Motion be **GRANTED** as to Plaintiffs' unreasonable search and false arrest and imprisonment claims. *See Iqbal*, 556 U.S. at 678; *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

### B. Malicious Prosecution Claim

Plaintiffs next allege that "Defendant Sabo's actions in pursuing baseless charges against Plaintiffs with malice constituted malicious prosecution, causing further violation of Plaintiffs' constitutional rights." (Doc. 23 at 3, ¶ 4.3). They further say they were "falsely imprisoned for eight days at the Tri-County Jail" from the date of their arrest on November 8, 2022, until their

7

release on November 15. (*Id*. at 2, ¶ 3.4). They claim the prosecutor's office delayed the case for three additional months before dismissing the case. (*Id*. at ¶ 3.10).

The Supreme Court also recognizes a claim of malicious prosecution under the Fourth Amendment. *Thompson v. Clark*, 596 U.S. 36, 42 (2022); *Chiaverini v. City of Napoleon*, 602 U.S. 556 (2024). This type of claim requires a plaintiff to show "the wrongful initiation of charges without probable cause" and "a favorable termination of the underlying criminal case against him." *Thompson*, 596 U.S. at 43–44; *see also Creger v. Tucker*, Nos. 23-5045/5047, 2024 WL 124437, at *10 (6th Cir. 2024) ("The Sixth Circuit recognizes a constitutional claim—grounded in the Fourth Amendment—against government officials whose 'deliberate or reckless falsehoods result in an arrest and prosecution without probable cause.'") (quoting *Newman v. Twp. of Hamburg*, 773 F.3d 769, 771–72 (6th Cir. 2014)). More specifically, to prevail on such a claim, a plaintiff must prove that "(1) the defendant made, influenced, or participated in the decision to prosecute the plaintiff; (2) there was no probable cause for the criminal prosecution; (3) as a consequence of the legal proceedings, [plaintiff] suffered a deprivation of liberty apart from the initial arrest; and (4) the criminal proceeding was resolved in [plaintiff's] favor." *Webb v. United States*, 789 F.3d 647, 659 (6th Cir. 2015) (citing *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010)).

Defendant Sabo challenges the second element and contends this claim should be dismissed because an independent trier of fact found probable cause to support the charges against them. (Doc. 26 at 8). Once more, the Undersigned agrees.

According to the state court docket, on November 9, 2022, Plaintiffs were charged in the Madison County Municipal Court for possession of drugs and obstructing official business.[1] *See*

---

[1] Although the Court's view is mostly limited to the pleadings on a Rule 12 Motion, the Court may take judicial notice of public records and criminal proceedings in other courts. *See Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020) ("[A] court evaluating a motion for judgment on the pleadings (or a motion to dismiss) must focus

*State of Ohio v. Clifford R. Cummings*, Case Nos. CRA 2200784 (possession of drugs in violation of Ohio Rev. Code § 2925.11, a felony of the fifth degree) and CRB 2200785 (obstructing official business in violation of Ohio Rev. Code § 2921.31, a misdemeanor of the second degree); *State of Ohio v. Abigail M. Morton*, Case Nos. CRA 2200782 (possession of drugs in violation of Ohio Rev. Code § 2925.11, a felony of the fifth degree) and CRB 2200783 (obstructing official business in violation of Ohio Rev. Code § 2921.31, a misdemeanor of the second degree), *available at* https://www.co.madison.oh.us/departments/court_system/municipal_court/record_search.php. The docket further reflects that the cases were scheduled for a preliminary hearing on November 15, 2022, though Plaintiffs waived those proceedings on that date through counsel. Madison County Municipal Court Judge Eric Schooley determined there was probable cause to proceed and transferred the cases to the Madison County Court of Common Pleas for further proceedings. *See State of Ohio v. Clifford R. Cummings*, Case No. CRI20220250 and *State of Ohio v. Abigail M. Morton*, Case No. CRI20220249, *available at* https://www.co.madison.oh.us/departments/court_system/clerk_of_courts/records_search.php.

With respect to Plaintiff Clifford Cummings, the Madison County Municipal Court's specifically found "probable cause to believe the accused guilty." *State of Ohio v. Clifford Cummings*, Case No. CRI20220250 (Nov. 15, 2022, Order). An entry in Plaintiff Abigail Cummings's case shows the same. *State of Ohio v. Abigail M. Morton*, Case No. CRI20220249 (Nov. 15, 2022, Order). Then, on June 27, 2023, the State of Ohio moved to dismiss the cases, and Judge Costello of the Madison County Court of Common Pleas did so two days later. *See State of Ohio v. Clifford Cummings*, Case No. CRI20220250 (June 29, 2023, Order); *State of Ohio*

---

only on the allegations in the pleadings."); *Desai v. Geico Casualty Co.*, 541 F.Supp.3d 817, 822 (N.D. Ohio May 24, 2021) (quoting *DeShetler v. FCA US LLC*, No. 3:18-cv-78, 2018 WL 6257377, at *4 (N.D. Ohio Nov. 30, 2018)); *Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999) ("[F]ederal courts may take judicial notice of proceedings in other courts of record.")).

*v. Abigail M. Morton*, Case No. CRI20220249 (June 29, 2023, Order), *available at* https://www.co.madison.oh.us/departments/court_system/clerk_of_courts/records_search.php.

Importantly, in Section 1983 actions, probable cause to arrest and probable cause to prosecute are distinct concepts. This means that "a prior probable cause finding does not prevent a plaintiff from relitigating probable cause where the plaintiff claims that the witness who testified at the state proceeding misstated or knowingly misrepresented the facts used to establish probable cause." *Harcz v. Boucher*, 763 F. App'x 536, 544 (6th Cir. 2019) (citing *Darrah v. City of Oak Park*, 255 F.3d 301, 311 (6th Cir. 2001)); *see also Campbell v. Hamilton Cnty.*, No. 1:22-cv-315, 2023 WL 6295803, at *6 (S.D. Ohio Sept. 27, 2023) (finding in the context of an indictment that "'when the defendant knowingly or recklessly presented false testimony to, or omitted critical information from, the grand jury in order to obtain that indictment,' the presumption of probable cause is rebuttable") (quoting *Jones v. Clark Cnty.*, 690 F. App'x. 334, 335 (6th Cir. 2017)).

Yet the distinction ultimately does not matter here because Plaintiffs again offer no factual context to support this claim. Like their false arrest claims, Plaintiffs allege no facts or circumstances from which the Undersigned could plausibly infer that probable cause did not exist for the charges against them. After their arrest, the state court judge bound them over to the Madison County Court of Common Pleas and determined there was probable cause to proceed on the charges. Plaintiffs have not "point[ed] to instances where the consideration of falsehoods or the omission of material exculpatory evidence could have colored [the] state-court judge's probable-cause determination[.]" *Autrey v. Stair*, 512 F. App'x 572, 579 (6th Cir. 2013); *see also Reedy ex. Rel. D.R. v. Huron Sch. Dist.*, No. 2:23cv10221, 2025 WL 40026, at *10 (E.D. Mich. Jan. 31, 2025) (finding plaintiff failed to plausibly plead malicious prosecution claim where she claimed officers made false statements but did not "specify what these statements were, nor does

10

she contend that the Prosecutor's Office relied on their false statements in deciding to prosecute"); *cf. Harcz*, 763 F. App'x at 544 (reversing dismissal of a malicious prosecution claim where the plaintiff alleged a police officer provided false and misleading testimony at a probable cause hearing). Instead, they baldly assert that they never committed the alleged crimes and that the charges were "exaggerated" and should not have been filed. (Doc. 23 at 2). Once more, these conclusory statements provide no actual facts to support their malicious prosecution claim.

Therefore, because Plaintiffs again say too little, the Undersigned **RECOMMENDS** that Defendant Sabo's motion to dismiss be **GRANTED** as to Plaintiffs' malicious prosecution claims.

### C. Excessive Use of Force Claim

Plaintiffs' final claims involve Defendant Sabo's alleged use of force. (Doc. 23 at 3). Claims that an officer used excessive force during an arrest or seizure are analyzed under the Fourth Amendment's "reasonableness standard." *Hart v. Michigan*, 138 F.4th 409, 417 (6th Cir. 2025); *see also Graham v. Connor*, 490 U.S. 386, 395 (1989). "When making an arrest or investigatory stop, the police have 'the right to use some degree of physical coercion or threat thereof to effect it.'" *Wright v. City of Euclid*, 962 F.3d 852, 865 (6th Cir. 2020) (quoting *Graham*, 490 U.S. at 396). So, a claim of excessive force arising under the Fourth Amendment requires a plaintiff to demonstrate both that a seizure occurred and that the force used to effectuate that seizure was objectively unreasonable. *See Rodriguez v. Passinault*, 637 F.3d 675, 680 (6th Cir. 2011) (quoting *Graham*, 490 U.S. at 394–95). A court must decide whether an officer's actions are "'objectively reasonable in light of the facts and circumstances confronting him, without regard to his underlying intent or motivation.'" *Martin v. City of Broadview Heights*, 712 F.3d 951, 958 (6th Cir. 2013) (quoting *Graham*, 490 U.S. at 388). Importantly, "[t]he test is reasonableness at the moment force is used," *id.*, and three factors guide the Court's analysis: "'the severity of the

11

crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, or whether he is actively resisting arrest or attempting to evade arrest by flight,'" *Saalim v. Walmart, Inc.*, 97 F.4th 995, 1004 (6th Cir. 2024) (quoting *Graham*, 490 U.S. at 396–97). But at base, the Court must consider the "totality of the circumstances." *Id.*; *see also Moore v. City of Memphis*, 853 F.3d 866, 870 (6th Cir. 2017) ("An officer's use of force is excessive if, under the totality of the circumstances, the force was objectively unreasonable.").

When dealing with guns drawn, like Plaintiffs allege here, some courts hold that excessive force claims generally require at least *de minimis* physical injury. *See, e.g.*, *Youngblood v. City of Paducah*, No. 5:15-cv-60-TBR, 2016 WL 2643030, at *4 (W.D. Ky. May 6, 2016) (quoting *Rodriguez*, 637 F.3d at 687) (finding the plaintiff's excessive force claim where she alleged "the police entered like a herd of wild Bison and pointed military style weapons at her" failed to state a claim "because she has not alleged even a *de minimis* physical injury") (collecting cases). Nonetheless, it is a highly fact-specific inquiry. *See, e.g.*, *Wright*, 962 F.3d at 866 (denying summary judgment on excessive force claim where there was "a genuine dispute as to whether the officers were justified in brandishing their firearms upon approach") (citing *Croom v. Balkwill*, 645 F.3d 1240, 1252 n.17 (11th Cir. 2011) ("An officer's decision to point a gun at an unarmed civilian who objectively poses no threat to the officer or the public can certainly sustain a claim of excessive force." (collecting cases)); *Binay v. Bettendorf*, 601 F.3d 640, 649-50 (6th Cir. 2010) (finding "the fact that it is *sometimes* reasonable to use handcuffs and guns when detaining suspects does not support Defendants' argument that the amount of force used *in this case* was objectively reasonable" because "[w]hether an exercise of force is excessive will vary depending on the facts and circumstances of the specific case"); *Petta v. Rivera,* 143 F.3d 895, 905 (5th Cir. 1998) ("A police officer who terrorizes a civilian by brandishing a cocked gun in front of that civilian's face

12

may not cause *physical* injury, but he has certainly laid the building blocks for a section 1983 claim against him.").

Here, one sentence makes up the entirety of Plaintiffs' excessive force claim. They allege that "Trooper Sabo's act of drawing his gun and pointing it at Plaintiffs, even though it was not discharged, constituted excessive force, as there was no justification for the use of deadly force in this situation." (Doc. 23 at 3). Even construing this sentence liberally as the Undersigned must do, Plaintiffs merely say they were seized and presumably did not feel free to leave due to the Trooper's show of force. They do not allege any factual circumstances surrounding the encounter or arrest, "making it impossible to determine whether those actions were excessive or whether they were entirely reasonable under the circumstances." *Holloway v. Korecz*, No. 1:24-CV-670, 2024 WL 3071255, at *2 (N.D. Ohio June 18, 2024) (finding plaintiff failed to state an excessive force claim where he did not "allege the circumstances of his arrest"); *see also Lunsford v. Davidson Cnty. Sheriff's Off.*, No. 3:19-cv-00079, 2019 WL 6492903, at *4 (M.D. Tenn. Dec. 3, 2019), *report and recommendation adopted*, No. 3:19-cv-00079, 2019 WL 7190193 (M.D. Tenn. Dec. 26, 2019) (noting the plaintiff failed to "provide sufficient factual context to render plausible" claim of excessive use of force where plaintiff merely argued defendants "used force" that was "unnecessary"); *Fleming v. Cnty. of Wayne (Dist. Att'y)*, No. 05-cv-70617, 2005 WL 1028170, at *3 n.2 (E.D. Mich. Apr. 25, 2005) (finding plaintiff's allegation "that the police used excessive force when arresting him" was not enough to state a claim where it was "not supported . . . with any facts"). Put differently, they provide only a "recitation of the elements" of an excessive force claim, not "sufficient factual matter" plausibly alleging that a constitutional violation occurred. *Iqbal*, 556 U.S. at 678. As a result, Defendant Sabo's Motion should be granted for this claim as well.

IV.     **CONLUSION**

The Undersigned **DENIES** Plaintiffs' Motions to Amend (Docs. 30, 31) as improperly filed and for failure to comply with the Federal and Local Rules, despite repeated opportunities to do so. Further, the Undersigned **RECOMMENDS** that the Court **GRANT** Defendant Sabo's Motion to Dismiss the First Amended Complaint in its entirety. (Doc. 26). This case should be **DISMISSED**.

Date: August 6, 2025                             */s/ Kimberly. A. Jolson*
                                                                        KIMBERLY A. JOLSON
                                                                          United States Magistrate Judge

**PROCEDURE ON OBJECTIONS**

Pursuant to Federal Rule of Civil Procedure 72(b), **WITHIN 14 DAYS** after being served a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).